OPINION
Defendant, Michael J. O'Rourke, appeals from his conviction and sentence for violating Perry Township's zoning laws. A violation of a township zoning regulation can be the subject of a criminal prosecution. R.C. 519.23.
Defendant Michael J. O'Rourke, owns property in Perry Township located at 240 Crawford Road, New Lebanon, Ohio. On March 17, 2000, and again on May 12, 2000, Perry Township zoning administrator John Falldorf sent notices via certified mail to Defendant, informing him that he was in violation of section 3803(B) of the township's zoning laws. That section prohibits the outdoor storage of inoperative and/or unlicensed motor vehicles, vehicle parts, and other junk., Defendant stipulated that he received the notices that Falldorf had sent. Falldorf filed these charges on June 5, 2000, alleging that semi-trailers, vehicle parts and other junk was on or about Defendant's property. The zoning violations alleged were continuing in nature, and allegedly occurred on May 23-30, 2000.
Falldorf took photographs of Defendant's property on May 30, 2000, and again on November 8, 2000, the day before trial commenced. Those photographs depict, although not clearly, semi-trailers, a truck bed, and other miscellaneous parts and junk that Falldorf observed laying on the ground between the semi-trailers and the barn. Grass and weeds are shown growing up around them. Falldorf admitted at trial that he did not know whether the semi-trailers were licensed and/or operable.
Defendant presented one witness at trial, his neighbor David Gorman, who testified that he had seen Defendant remove the truck bed from his truck a few months before.
In its decision finding Defendant guilty of the zoning violations, the trial court noted that while Falldorf was unable to say whether or not the semi-trailers he observed on Defendant's property were licensed and/or operable, Falldorf did testify that he observed a truck bed on the property along with other miscellaneous junk laying around the barn and in between the semi-trailers. The trial court noted that the grass and weeds were growing up around these items, which was a clear indication that the items had been there for some substantial period of time.
The trial court fined Defendant eight hundred dollars plus court costs, but suspended six hundred dollars of the fine on condition that Defendant remove the junk from his property within forty-five days.
From his conviction and sentence Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TOWNSHIP OF PERRY FAILED TO PROVE APPELLANT MICHAEL J. O'ROURKE GUILTY OF ZONING VIOLATIONS.
 SECOND ASSIGNMENT OF ERROR THE PLAINTIFF FAILED TO ESTABLISH IDENTIFICATION OF THE DEFENDANT.
Both assignments of error presented by Defendant raise the same issue: whether the State presented sufficient evidence to prove him guilty of the zoning violations alleged.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.,
Defendant argues that the evidence fails to demonstrate that he stored outdoors any unlicensed or inoperative motor vehicles, vehicle parts, or other junk.
Defendant correctly points out that Falldorf testified that he did not know whether the semi-trailers he observed on Defendant's property were unlicensed and/or inoperable. However, it is apparent from the trial court's decision that its guilty verdict was not based upon the semi-trailers that were located upon Defendant's property, but rather upon the truck bed and/or other miscellaneous junk that Falldorf testified were laying between the semi-trailers and the barn.
The credibility of the witnesses who testify at trial and the weight to be given to their testimony are matters for the trier of facts, the trial judge in this case, to resolve. State v. DeHass (1967), 10 Ohio St.2d 230
. Furthermore, the grass and weeds growing up around these items indicates, as the trial court noted, that these items had been in that location for some substantial period of time., Defendant also complains that the evidence is insufficient to convict him because Falldorf did not identify Defendant in court as the owner of the property in question. We are not persuaded by this argument.
Falldorf testified that Michael J. O'Rourke owns the property in Perry Township located at 240 Crawford Road, New Lebanon, Ohio. Defendant stipulated at trial that he received the "Notice of Zoning Violation" sent to that address by Falldorf on two separate occasions. Defendant's neighbor, David Gorman, testified that he knows Defendant and is familiar with Defendant's Crawford Road property. Gorman testified that he observed Defendant taking the truck bed depicted in the photographs off of his truck "a few months ago." Such testimony is consistent with a finding that the property is owned by O'Rourke and/or under his control.
The evidence presented at trial in this case, when viewed in a light most favorable to the State, is evidence from which a rational a trier of fact could conclude beyond a reasonable doubt that Defendant had stored outdoors vehicle parts or other junk, in violation of Section 3803(B) of the Perry Township zoning ordinances. Defendant's conviction is therefore supported by legally sufficient evidence, and his motion for acquittal was properly overruled by the trial court.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
 __________ GRADY, J.,
BROGAN, J. and FAIN, J., concur.